IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 20-00071 JAO |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR COMPASSIONATE** |
| vs. | ) | **RELEASE** |
| | ) | |
| VANITY SUA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

Defendant Vanity Sua ("Defendant"), pro se, filed a Motion for Compassionate Release ("Motion") pursuant to 18 U.S.C. § 3582, claiming that she is the only available caregiver for her severely disabled child. ECF No. 74. The Court decides the Motion without a hearing pursuant to Local Rule 7.1(c). For the following reasons, the Motion is DENIED.

**I.      BACKGROUND**

In April of 2020, Defendant was arrested for an armed car jacking and detained. ECF Nos. 2, 8. On two occasions, the Court denied her challenges to her detention — both of which were based in part on her pregnancy. *See* ECF Nos. 20, 21, 34, 36, 40. On September 17, 2020, Defendant entered a guilty plea pursuant to a plea agreement to a one-count Information, charging her with armed car

jacking, a violation of 18 U.S.C. §§ 2119 and 2.  ECF Nos. 48, 59.  On January 4, 2021, the Court granted the Government's motion for downward departure, *see* ECF No. 76 at 3 n.1, and sentenced Defendant to fifty-seven months in prison, to run concurrently with sentences in state court cases, and a three-year term of supervised release.  ECF No. 72.

A little over two years later, on February 15, 2023, Defendant filed the instant motion pro se.  ECF No. 74.  The Government responded on March 13, 2023, ECF No. 76, and Defendant replied on March 29, 2023, ECF No. 77.  The Court elected to decide the Motion without a hearing.  Defendant is currently scheduled to be released on May 14, 2024.  *See* www.bop.gov/inmateloc (follow "Find My Name" tab; then search for "Vanity Sua") (last visited Apr. 4, 2023).

## II.  DISCUSSION

**A.  Compassionate Release Under The First Step Act**

Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed."  *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)).  "But this general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release."  *Id*. (citing 18 U.S.C. § 3582(c)(1)(A)).  The First Step Act of 2018 ("FSA") allows a defendant to seek a reduction directly from the court, provided that "the defendant has fully exhausted all administrative rights to appeal

2

a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. (citing Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018)).

Under § 3582(c)(1)(A)(i) ("FSA Compassionate Release Statute"), a court may "reduce the term of imprisonment" after considering (1) whether "extraordinary and compelling reasons warrant such a reduction"; and (2) "the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. at 1283–84; *see also United States v. Aruda*, 993 F.3d 797, at 801–02 (9th Cir. 2021) (per curiam).  The FSA "grants courts the discretion to consider compassionate release motions on an individualized basis." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citation omitted).

In *Wright*, the Ninth Circuit held that the exercise of the Court's discretion to consider compassionate release motions "is controlled by three substantive considerations [("FSA Compassionate Release Predicates"])." *Wright*, 46 F.4th at 945 (citing *United States v. Jones*, 980 F.3d at 1098, 1107–08 (6th Cir. 2020) (citing *Dillon v. United States*, 560 U.S. 817, 827, 829–30 (2010)).  "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (citing *Jones*, 980 at 1107–08 (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).  "Second, the court must evaluate if a reduction

"would be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (citing *Jones*, 980 at 1108 (quoting 18 U.S.C. § 3582(c)(1)(A))). Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide if the requested sentence reduction is warranted "under the particular circumstances of the case." *Id.* (quoting *Jones*, 980 at 1108 (quoting *Dillon*, 560 U.S. at 827)). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.* (citing *Keller*, 2 F.4th at 1284).

Regarding the second consideration, the Sentencing Commission's policy statement at United States Sentencing Guidelines ("U.S.S.G") § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), generally "governs the analysis of compassionate release motions." *Id.* at 946. However, U.S.S.G. § 1B1.13 has not been updated to reflect the passage of the FSA, and is thus not "an applicable policy statement" for motions filed by a defendant under the FSA Compassionate Release Statute. *Id.* (quoting *Aruda*, 993 F.3d at 802 (quoting 18 U.S.C. § 3582(c)(1)(A))). So while the Sentencing Commission's statements in U.S.S.G. § 1B1.13 "may inform a district court's discretion" for motion filed under the FSA Compassionate Release Statute, the statements "cannot

be treated as binding constraints on the court's analysis." *Id*. (quoting *Aruda*, 993 F.3d at 802).

**B.     Extraordinary and Compelling Reasons**

Before filing the Motion, Defendant submitted a compassionate release request to the Warden of the Federal Detention Center Honolulu ("FDC") on October 26, 2022, seeking release to take care of her disabled son ("B.E.S."), and stating that her father could no longer care for him. *See* ECF Nos. 76-1 at 2, 76-2 at 2. The Warden denied the request less than two weeks later.[1] ECF No. 76-2 at 2.

Defendant reports that B.E.S. suffers from "symptomatic infantile spasm; hypoxic encephalopathy; developmental delay; medically complex patient; spasticity; autonomic dysfunction; GT tube dependence; nuromuscular [sic] scoliosis of thoracic region; and cerebal [sic] palsy," ECF 74 at 3-4, and offers supporting documentation, ECF No. 74-1. It is undisputed that he requires 24-hour care. ECF No. 74-1.

As described above, the first substantive consideration in the exercise of a Court's discretion to consider compassionate release motions is whether extraordinary and compelling reasons warrant a sentence reduction. "[D]istrict

---

[1] The Court finds — and it is undisputed — that Defendant has met the administrative requirements for filing the Motion. *See* ECF No. 76 at 4.

courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise." *Aruda*, 993 F.3d at 801 (internal quotation marks, ellipses, emphasis, and citation omitted). Also, although not binding on this Court, U.S.S.G. § 1B1.13 may inform a district court's discretion for motions filed by a defendant under the FSA Compassionate Release Statute, § 3582(c)(1)(A). *Id*. at 802.

Section 1B1.13 contemplates extraordinary and compelling reasons due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *United States v. Avila*, No. CR18-5205 BHS, 2022 WL 3346351, at *2 (W.D. Wash. Aug. 12, 2022) (quoting USGG § 1B1.13, Application Notes (1)(C)). District courts have interpreted this language in note 1 of the commentary to U.S.S.G. § 1B1.13 to "involve situations where the defendant is an *irreplaceable* caregiver." *Id*. at *3 (denying compassionate release where defendant "ha[d] not established that he is the only available caregiver for his wife, his father, or his children"); *see also United States v. Bondarenko*, No. 17-cr-00306-JCM-VCF, 2022 WL 16701934, at *3 (D. Nev. Nov. 3, 2022); *United States v. Plaketta*, No. 19CR1097 JM, 2022 WL 1736886 at *3 (S.D. Cal. Dec. 1, 2022) (denying compassionate release where defendant had not offered "any

6

evidence his wife is the only family member capable of caring for his minor children").

Here, there are a combination of reasons why the Court is not convinced that Defendant is an "irreplaceable" caregiver to B.E.S. First, she has never been his caretaker. In the Motion, Defendant claims she is "the only caregiver to [her] son as his father is currently incarcerated[,]" and that her own "father <u>does not</u> take care of [her] disabled child." *Id*. at 74. Defendant, however, gave birth to B.E.S. while in custody after her arrest and before entering a guilty plea in this matter. *See* ECF No. 76 at 2; ECF No. 66 at 14. At least at the time of sentencing, her father and stepmother were caring for B.E.S. *See* ECF No. 76 at 9.

Second, there are family members that are able to care for B.E.S. Defendant stated in the request to the Warden that B.E.S.'s "caretaker has to work at the Hotel (for income) at night time and watches him during the day." ECF No. 76-1 at 2. While the Motion is silent as to who currently cares for B.E.S., Defendant offered significantly greater detail in her reply.

In her reply, Defendant asserts that B.E.S.'s grandmother was granted legal guardianship of him in August 2022. ECF No. 77 at 1. The grandmother recently suffered her own medical problems, but also works from 10:00 p.m. to 6:00 a.m. Sunday through Thursday, while her sister takes care of B.E.S. overnight. *Id*. B.E.S.'s grandmother "drives all the way to Kapolei from Beretania every night to

pick up [her sister] to bring her back to her home to watch B.E.S. overnight." *Id*. On the occasions when the sister is ill, B.E.S.'s grandmother is required to take off from work. *Id*.

The reply also mentions other relatives who are unable to care for B.E.S. for understandable reasons (i.e., Child Protective Services would not allow one family member to serve as a caregiver and another family member reneged on serving as his foster mother because it was too difficult to care for him and her own children). *Id*. Defendant asserts that she has not lost her parental rights to her son, but it appears that the grandmother remains his legal guardian. *Id*.

The Court sympathizes with Defendant's family members and recognizes her incarceration places a heavy burden on them. The Court finds, however, that they are able to care for B.E.S. and are not incapacitated. "[T]he fact that an inmate has a . . . parent who could well benefit from the assistance from an incarcerated son or daughter would not constitute an extraordinary event." *United States v. Rouche*, No. 07-cr-0344 RSL, 2021 WL 2778577, at *5 (W.D. Wash. July 2, 2021. This makes sense because allowing for the release of defendants where there may be other options for care would violate Section 3582's "extraordinary and compelling reasons" requirement. *See id*. ("[T]he Court finds that incapacitation of the family member and the unavailability of other caregivers remain critical to the analysis because it ensures that the circumstances are truly

extraordinary and compelling.").

The Court concludes that Defendant fails to demonstrate any extraordinary and compelling reasons warranting compassionate release and thus need not weigh the Section 3553(a) factors. *See Wright,* 46 F.4th at 945 ("Although a district court must conclude that a defendant satisfies all three [FSA P]redicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.").

### III.   CONCLUSION

For the foregoing reasons, the Motion for Compassionate Release, ECF No. 74, is DENIED without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, April 3, 2023.



Jill A. Otake
United States District Judge

---

Criminal No. 20-00071-JAO, *United States v. Sua*; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE